**Gladys Marie HARPER, Appellant,**

v.

**James Denny HARPER, Appellee.**

Court of Appeals of Kentucky.

March 17, 1961.

Fritz Krueger, Somerset, for appellant.

W. R. Jones, Somerset, for appellee.

STEWART, Judge.

This is a child custody case, involving a boy who was five years of age when this action was instituted on January 31, 1959. The trial judge awarded the child to the father and the mother appeals.

Gladys Marie Harper and James Denny Harper were married November 21, 1952, and approximately 10 months later a son was born to them. This child, Ronnie Gene, is now and always has been almost totally blind because of cataracts affecting both eyes. Appellant separated from her husband in July, 1956, and left the child in his care and custody. Thereafter, she visited the child infrequently, the last visit being seven months before the trial of this case.

On January 31, 1959, appellant filed suit for divorce and asked that the child be awarded to her. Appellee counterclaimed and was granted a divorce on the ground of cruel and inhuman treatment and was also given the custody of the child.

On this appeal appellant contends the trial court apparently awarded the child to the father because the mother was destitute. She cites several cases which state that poverty alone is not a sufficient reason to decline to give either parent the care and control of a child.

Our analysis of the trial court's opinion differs from appellant's. The trial judge, after declaring that the welfare of the child was the paramount concern of the court, found that the father had properly cared for and trained the almost-blind child for three years; that the child had become fully accustomed to his home and father and was contented in his present surroundings; that the mother had no household to which to take the child, except various sisters' homes; and that the sisters were nervous and excitable and would not provide harmonious living conditions for the child.

The trial judge said in his findings of fact: "I have heard all of this proof. I think the care of this child is a man's job. It takes someone patient, somebody that does not run all over the country and consort with bad characters; somebody who has a fixed habitation, goes in and stays there at night. * * *" There is substantial evidence in the record to the effect that appellant was "running around" with a married man. Also, it was shown she had worked only at irregular times and had not seemed too interested in getting a steady job and settling down.

The father is 50 years old, has a small income from farming, and receives a veteran's pension. The evidence shows the child has been well cared for. Even appellant's parents testified in behalf of appellee.

Our cases point out that the chancellor has large discretion when the placement of a child is involved. Where, as here, the parties and their witnesses appeared before him, he was in a far better position to determine the custody question than is this Court when it now considers this record. There must be more than a doubt as to the correctness of the chancellor's holding

in a case of this type; we must be convinced that he has abused the exercise of his broad discretion in respect to the award made. It is our view the bestowal of the child upon the father should be upheld under the evidence presented.

Wherefore, the judgment is affirmed.